# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.G. and A.W.-1**

**No. 25-280** (Putnam County CC -40-2024-JA-43 and CC-40-2024-JA-44)

## MEMORANDUM DECISION

Petitioner Mother A.W.-2[1] appeals the Circuit Court of Putnam County's April 7, 2025, dispositional order terminating her parental rights to A.G. and A.W.-1, arguing that the circuit court erred in refusing to accept her voluntary relinquishment of custodial rights, denying her motion for a post-adjudicatory improvement period, terminating her parental rights to the children, and failing to award her post-termination visitation.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the court's April 7, 2025, order is appropriate in accordance with Rule 21 of the West Virginia Rules of Appellate Procedure. However, we remand the case to the circuit court with directions to address post-termination visitation.

Prior to a petition being filed, beginning in January 2023, both children were the subjects of guardianship proceedings before the circuit court. In the guardianship proceedings, it was alleged that the petitioner abused drugs and alcohol and exposed the children to domestic violence. During this time, Child Protective Services ("CPS") conducted an investigation and provided the petitioner with parenting services and assistance obtaining treatment for alcohol and drug abuse. After the petitioner experienced periods of relapse followed by improvement, the court terminated the guardianship for A.G. and ordered shared equal custody between the petitioner and the child's father in November 2023.

In May 2024, the DHS filed a petition alleging that the petitioner drove under the influence of alcohol with A.W.-1 in the car. The DHS further alleged that the petitioner admitted to relapsing with alcohol, having an alcohol dependence, and leaving treatment prematurely against provider recommendation. Additionally, the DHS alleged that the petitioner had a history of CPS involvement due to domestic violence with the children's fathers. In November 2024, the circuit

---

[1] The petitioner appears by counsel Maggie Kuhl. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General James Wegman. Counsel Bryan Escue appears as the children's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Because one of the children and the petitioner share the same initials, we refer to them as A.W.-1 and A.W.-2, respectively.

1

court held an adjudicatory hearing, where the petitioner stipulated that she had polysubstance abuse issues and that she had endangered the children. Based on the petitioner's admissions, the court found that the petitioner placed the children in unsafe situations, that her drug and alcohol use seriously impaired her parenting skills, that she exposed the children to domestic violence, and that her actions harmed or threatened to harm the children. Accordingly, the court adjudicated the petitioner of abusing and neglecting the children. After adjudication, the petitioner filed a motion for a post-adjudicatory improvement period.

The petitioner filed a motion for a stipulated disposition in March 2025, requesting that the circuit court accept the voluntary relinquishment of her custodial rights to the children and grant her post-termination visitation. The court considered the petitioner's motion during the dispositional hearing shortly thereafter. Neither the DHS nor the guardian opposed the petitioner's voluntary relinquishment of custodial rights. The guardian recommended termination of both the petitioner's parental and custodial rights, but proffered that he would not object to termination of only the petitioner's custodial rights if she was not awarded post-termination visitation. The court refused to accept the petitioner's voluntary relinquishment of only her custodial rights due to the length of time she demonstrated parenting deficiencies, the children's young ages, and the children's need for permanency. Therefore, the court proceeded with the dispositional hearing.

The petitioner testified to receiving extensive services, including parenting services beginning in August 2023, and described her previous attempts at substance abuse treatment. Notably, the petitioner admitted that she relapsed after completing one short-term program; failed to complete multiple other programs; abused multiple substances throughout the proceedings (including using cocaine, oxycodone, and alcohol with a male associate shortly after being allowed supervised visitation with the children); and had a history of allowing bad male influences into her life, who would involve her in drugs and domestic violence. A DHS caseworker then testified that the petitioner had been in and out of rehabilitation facilities three times in the previous year and that he did not think that the petitioner would be able to correct her alcohol and drug issues in the near future. The caseworker also testified that the DHS opposed granting the petitioner an improvement period, though it recommended termination of only her custodial rights due to her young age and the chance that she may correct her substance abuse issues "down the road."

At the dispositional hearing's conclusion, the circuit court found that the petitioner had been involved with the court for approximately two years, throughout the guardianship and abuse and neglect cases. During that time, the petitioner continued the same pattern of behavior, as she involved herself with inappropriate men and habitually abused alcohol and drugs. The court found that the petitioner failed to complete several treatment programs and tested positive for multiple substances shortly after leaving the most recent treatment program. Further, the court found that the petitioner failed to benefit from the various services she had been provided since 2023. The court also found that the children experienced psychological and emotional harm due to the petitioner's "inconsistency and lack of progress and her continued polysubstance abuse" and that reunification between the petitioner and the children was not in the children's best interests. Therefore, the court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future and that termination of the petitioner's parental rights was necessary for the children's welfare. Even further, on the record, the court analyzed each of the dispositional alternatives under West Virginia Code § 49-4-604(c) and found

that termination of the petitioner's parental rights was the least restrictive dispositional alternative. Accordingly, the court terminated the petitioner's parental rights to A.G. and A.W.-1. The court, however, did not address the petitioner's motion for post-termination visitation. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's substantive rulings for abuse of discretion, factual findings are reviewed for clear error, and issues of law are reviewed de novo. *See* Syl. Pt. 1, *In re K.S.*, -- W. Va. --, -- S.E.2d --, 2026 WL 1362143 (W. Va. May 15, 2026). Before this Court, the petitioner argues that the court erred by not accepting her voluntary relinquishment of custodial rights. However, we have held that "[a] circuit court has discretion . . . to accept a proffered voluntary termination of parental rights, or to reject it and proceed to a decision on involuntary termination." Syl. Pt. 4, in part, *In re James G.*, 211 W. Va. 339, 566 S.E.2d 226 (2002). This decision "must be exercised after an independent review of all relevant factors, and the court is not obliged to adopt any position advocated by the [DHS]." *Id*. Here, the circuit court weighed relevant factors, including the length of the court's involvement with the petitioner and her polysubstance abuse, the children's young ages, and their need for permanency. Therefore, we decline to disturb the circuit court's decision.

The petitioner also argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period. Under West Virginia Code § 49-4-610(2)(B), a circuit court may grant a parent an improvement period if they "demonstrate[], by clear and convincing evidence, that [they are] likely to fully participate in the improvement period." However, "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period." *In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015); *see also In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that a circuit court has the discretion to deny a motion for an improvement period "when no improvement is likely"). Ample evidence supports the circuit court's finding that the petitioner was unlikely to improve. Notably, the petitioner received almost two years of parenting services, continued to relapse after entering three different rehabilitation facilities, and continued to use alcohol and drugs after being allowed parenting time with the children. As such, we conclude that the circuit court did not err in denying the petitioner's motion for a post-adjudicatory improvement period.

Next, the petitioner argues that the court erred in terminating her parental rights. It is well established that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). There is no such likelihood when the parent has "habitually abused or [is] addicted to alcohol, controlled substances or drugs" or when the parent "ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." W. Va. Code § 49-4-604(d)(1), (3). Here, sufficient evidence supports the circuit court's findings that there was no reasonable likelihood that the petitioner could correct the conditions of abuse and neglect as

---

[3] The permanency plan for the children is to reside with their respective nonabusing fathers, and both are exercising sibling visitation.

the petitioner admitted that she abused alcohol and drugs, relapsed shortly before the dispositional hearing, and failed to successfully complete multiple treatment programs all while receiving the services of a parenting provider. In addition, the circuit court found that termination was necessary for the children's welfare, a finding the petitioner does not challenge on appeal. Circuit courts are permitted to terminate parental rights upon these findings. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit courts to terminate parental rights upon finding "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Therefore, we decline to disturb the circuit court's decision.

Finally, the petitioner argues that the court committed error by not awarding her post-termination visitation with the children. However, we are unable to properly address the petitioner's assignment of error because the circuit court failed to rule on the petitioner's motion. In discussing the sufficiency of dispositional orders in abuse and neglect proceedings, we previously explained that

> [p]rocedurally, the[] various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). We further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id.* (citation omitted); *see also In re Z.D.-1*, No. 22-0458, 2023 WL 2385835, at *2 (W. Va. Mar. 7, 2023) (memorandum decision) (remanding case for entry of a new dispositional order where the circuit court failed to include a ruling on a parent's motion for a post-adjudicatory improvement period). *In re Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id.* at 629-30, 558 S.E.2d at 628-29. Although that is not the precise situation at issue in the petitioner's final assignment of error, it is nonetheless instructive in a circumstance in which the court did not rule on the petitioner's motion for a post-termination visitation.[4] As such, we must remand the matter

---

[4] On February 9, 2026, the guardian filed a motion to supplement the appendix record, which this Court granted on April 29, 2026. The supplemental record included an order denying post-termination visitation upon the *guardian's motion* during the pendency of this appeal. Neither the petitioner nor her attorney was present at this hearing, and it appears that the petitioner was not notified of this hearing. Although the court ruled on the guardian's motion and denied post-termination visitation between the children and the petitioner, it nevertheless failed to address or rule on the *petitioner's motion* for post-termination visitation at disposition, and it did not afford the petitioner the opportunity to present evidence or be heard on the issue. *See* Syl. Pt. 5, in part, *In re Marley M.*, 231 W. Va. 534, 745 S.E.2d 572 (2013) (holding that a "court should hear evidence and arguments of counsel in order to consider the factors established in" *Christinia L.*, when a parent whose rights have been terminated properly moves for post-termination visitation); *See also* Syl. Pt. 5, *In re Christina L.*, 194 W. Va. 446, 460 S.E.2d 692 (1995) (holding that to

with instructions for the circuit court to enter an order addressing the same. On remand, the circuit court must analyze whether post-termination visitation is proper given the necessary considerations,[5] and shall award post-termination visitation only if it finds continued contact would be in the children's best interests. If the circuit court determines that visitation is appropriate, it must put in place a proper visitation plan and not leave visitation to the placement's discretion. *See In re K.S.*, 246 W. Va. 517, 531, 874 S.E.2d 319, 333 (2022) (making clear that the children's right of post-termination visitation with their mother "cannot be held hostage by the biological fathers").

For the foregoing reasons, we remand, in part, the circuit court's April 7, 2025, dispositional order insomuch as it pertains to the issue of the petitioner's motion for post-termination visitation; and we remand this matter to the circuit court for further proceedings consistent with the applicable rules and statutes. With respect to the remainder of the circuit court's order denying the petitioner's motion for a post-adjudicatory improvement period, refusing to accept her voluntary relinquishment of custodial rights, and terminating her parental rights, we perceive no error and affirm. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Affirmed and remanded, with directions.

**ISSUED**: June 24, 2026

**CONCURRED IN BY**:

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

---

receive post-termination visitation, the circuit court "should consider whether a close emotional bond has been established between the parent and child," and "[t]he evidence must [also] indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest."). This ruling on the guardian's motion without providing the petitioner with the opportunity to be heard, further compounds the issue of the court's failure to rule on the petitioner's motion at disposition as detailed above.

[5] We note that, after entry of the order on appeal, this Court amended Rule 15(b) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings to more clearly articulate and adopt appropriate standards for consideration of post-termination visitation.